488 A.2d 43

**UNITED ERECTORS, INC.**

v.

**PRATT & LAMBERT CORPORATION and Brooks Paint Stores, Inc.**

Appeal of BROOKS PAINT STORES, INC., (at No. 2529).

Appeal of PRATT & LAMBERT CORPORATION (at No. 2563).

Superior Court of Pennsylvania.

Argued June 13, 1984.

Filed Jan. 30, 1985.

---

**2.** As a result of our disposition of this appeal, we need not address appellant's third issue.

Ross F. Schmucki, Philadelphia, for appellants.

Robert L. Seigle, Southampton, for appellee.

Before CIRILLO, BECK and CERCONE, JJ.

CERCONE, Judge:

Defendants below, Pratt & Lambert Corporation and Brooks Paint Stores, Inc., appeal here an order of the Court of Common Pleas of Philadelphia dismissing their prelimi-

nary objections challenging the court's jurisdiction. For the reasons which follow, we hold that this appeal must be quashed.

Plaintiff-appellee commenced this action on October 24, 1980, by filing a complaint against appellants in the United States District Court of the Eastern District of Pennsylvania, alleging subject matter jurisdiction based upon diversity of citizenship. On October 21, 1981, however, the Federal Court dismissed the suit finding it lacked jurisdiction because (1) appellee had failed to register as a foreign corporation doing business in Pennsylvania, as required by 15 P.S. § 2014; and (2) there was no basis for diversity of citizenship. No appeal was taken from that order.

Approximately six months later, on April 15, 1982, appellee having obtained a certified transcript of all pleadings from the Federal Court, filed a praecipe with the Prothonotary of the Philadelphia Court of Common Pleas instructing him to transfer the case to that court pursuant to 42 Pa.C.S.A. § 5103(b). Appellants responded by filing preliminary objections contesting the Court of Common Pleas jurisdiction on the grounds that the purported transfer was not authorized by 42 Pa.C.S.A. § 5103(b); and that the court lacked personal jurisdiction over them. The court below, however, concluded that 42 Pa.C.S.A. § 5103(b) did indeed authorize the transfer and, accordingly, denied the preliminary objections. These appeals followed.

■ It is well established that an order dismissing preliminary objections is ordinarily interlocutory and, therefore, not appealable. *Adkins v. Empire Kosher Poultry, Inc.*, 321 Pa.Super. 30, 467 A.2d 877 (1983); *City of Philadelphia v. Franklin Smelting and Refining Company*, 303 Pa.Super. 393, 449 A.2d 745 (1982). An exception to this general principle is Pennsylvania Rule of Appellate Procedure 311(b) which provides:

*Order sustaining venue of personal or in rem jurisdiction.* An appeal may be taken as of right from an order in a civil action or proceeding sustaining the venue of the matter or jurisdiction over the person or over real or personal property if:

(1) the plaintiff, petitioner or other party benefiting from the order files of record within ten days after the entry of the order an election that the order shall be deemed final; or

(2) the court states in the order that a substantial issue of jurisdiction is presented.

 Instantly, neither of the above requirements has been met.* Consequently, the order denying appellant's preliminary objections challenging jurisdiction is not appealable, and the appeal must be quashed. *City of Philadelphia v. Franklin Smelting and Refining Company, supra; Adkins v. Empire Kosher Poultry, Inc., supra.*

Appeals quashed.

* In the statement of jurisdiction contained in their brief, appellants rely on Pa.R.A.P. 311(c), which provides:

> *Changes of venue, etc.* An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles.

Appellants reliance on this rule is obviously misplaced. Both the unambiguous language of Rule 311(c) and the comments thereto, make plain that it applies only to lower court orders which do not sustain venue. The order appealed from instantly, as previously noted, sustained jurisdiction over appellants and was clearly subject to the requirements of Pa.R.A.P. 311(b).