560 A.2d 793

**GRIMME COMBUSTION, INC.**

v.

**MERGENTIME CORPORATION** and Insurance Company of North America, Appellants.

Superior Court of Pennsylvania.

Argued Jan. 19, 1989.

Filed March 20, 1989.

Reargument Denied May 30, 1989.

Carl H. Hanzelik, Philadelphia, for appellants.

Robert T. Carlton, Jr., Philadelphia, for appellee.

Before CIRILLO, President Judge, and BECK and TAMILIA, JJ.

TAMILIA, Judge:

This is an appeal from an Order overruling defendants/appellants' preliminary objections in the nature of a demurrer and a motion for more specific pleading and which directed appellants to answer the complaint.

This action for breach of contract was brought by appellee, a subcontractor on a contract to provide pressure mortar surfacing in a project to improve a section of the Schuylkill Expressway. Appellant Mergentime Corporation is the general contractor on a contract issued by PennDOT and co-appellant Insurance Company of North America issued payment and performance bonds as Mergentime's surety. Appellee seeks damages for alleged delays and interferences to its work on the project. Relying on a section of the subcontract between Mergentime and appellee, appellants filed preliminary objections requesting counts two and four of the complaint be dismissed or stayed until disposition of any action Mergentime might initiate against PennDOT before the Board of Claims, which appellants argue has exclusive jurisdiction over claims against Commonwealth agencies arising out of contracts issued by the Commonwealth. Appellants contend the contract clause on which they are relying, dealing with delays and interference, prohibits the subcontractor from recovering damages for delays or interference from the general contractor unless the general contractor has recovered amounts from the owner, namely PennDOT, and then only to the extent of recovery from PennDOT.

As a preliminary matter we must examine the jurisdictional propriety of this appeal. Appellants claim this is an interlocutory appeal as of right pursuant to Pa.R.A.P. 311(a)(4). They argue the trial court's Order—overruling

their preliminary objections requesting either dismissal or a stay of the action until disposition of any future action Mergentime initiates before the Board of Claims—is the equivalent of an Order denying an injunction request. Appellant contends the effect of an Order granting or denying a stay of an action is the same as an Order granting or denying an injunction and is therefore appealable as a matter of right under Pa.R.A.P. 311(a)(4). We disagree and quash this appeal for the following reasons.

It is well-settled that an appeal will lie only from a final Order unless otherwise permitted by statute or rule. *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978); *Katz v. Katz*, 356 Pa.Super. 461, 514 A.2d 1374 (1986), *appeal denied*, 515 Pa. 581, 527 A.2d 542 (1987); *Indiana County Hospital Authority v. McCarl's Plumbing and Heating Company*, 344 Pa.Super. 226, 496 A.2d 767 (1985). Pennsylvania Rule of Appellate Procedure 311 implements 42 Pa.C.S. § 5105(c), which provides for appeal as of right of certain interlocutory Orders that have a final aspect. Appellant relies upon Pa.R.A.P. 311(a)(4), which provides:

**Rule 311. Interlocutory Appeals as of Right**

(a) General Rule. Except as otherwise prescribed by general rule, an appeal may be taken as of right from:

. . . .

(4) *Injunctions.* An order granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except for injunctions pursuant to Sections 401(c) and 403(a) of the Divorce Code, Act of April 2, 1980, P.L. 63, 23 P.S. §§ 401(c) and 403(a).

Here, the dismissal of appellants' preliminary objections neither effectively ends the litigation nor ends the entire case and is, therefore, interlocutory. Appellants reliance on Rule 311(a)(4) concerning appeals as of right from Orders dealing with injunctions is without merit. Subsection (a)(4) makes no mention of a "stay of proceedings" or dismissal of a complaint, which is the relief requested by appellants in their preliminary objections. A "stay of proceedings" is not

an "injunction" under the rules of procedure. None of the prerequisites to an injunction set forth in Pa.R.C.P. 1531, such as a written notice or hearing, were ever complied with nor was the trial court requested to make an equitable determination of the necessity of an injunction. Appellate review of an Order dismissing preliminary objections does not lie. *Davis v. Supermarkets, Inc. v. United Food and Commercial Workers Local 23,* 368 Pa.Super. 290, 533 A.2d 1068 (1987) (citing *Ratz v. Ratz,* 359 Pa.Super. 8, 518 A.2d 317 (1986)). Rule 311 "is an extraordinary measure which allows an appeal as of right where an appellate court can prevent irreparable harm to a party by reviewing certain interlocutory Orders prior to the ultimate decision of the case." *Beckman v. Abramovitz,* 344 Pa.Super. 149, 496 A.2d 53 (1985), *appeal dismissed,* 512 Pa. 377, 516 A.2d 1386 (1986) (finding a petition to freeze corporate assets could not be characterized as a preliminary injunction within the meaning of Pa.R.A.P. 311(a)(4)).

Appellants reliance on *Petition of Woodland Hills School District,* 81 Pa.Commw. 199, 473 A.2d 257 (1984), is misplaced. In that case a labor grievance was filed by a school district employee over the school district's procedures in hiring for a football coaching position. The employee had requested arbitration pursuant to a collective bargaining agreement and the school district petitioned the trial court to stay the arbitration, arguing that under the circumstances, the employee could not seek arbitration under the collective bargaining agreement. The trial court denied the petition and the school district appealed to the Commonwealth Court, which found the appeal properly before it under Pa.R.A.P. 311(a)(4), in a one sentence footnote without elaboration. We find *Woodland Hills* distinguishable due to the equitable nature of the school district's proceedings in that case when compared with the assumpsit action at law brought by appellee. *Woodland Hills* does not stand for the proposition that a denial of a stay in proceedings automatically allows an appeal as of right under the injunction provision of Rule 311(a)(4).

Accordingly, appeal quashed.