592 A.2d 77

RICHARDSON BRANDS, INC., Appellee,

v.

PENNSYLVANIA DUTCH CO., INC., Lincoln A. Warrell, Wallace Candies, Inc. and Holly Investment Co.

Appeal of PENNSYLVANIA DUTCH CO., INC. and Wallace Candies, Inc.

Superior Court of Pennsylvania.

Argued April 2, 1991.

Filed June 3, 1991.

Daniel J. Dugan, Philadelphia, for appellants.
Gregory F. Cirillo, Philadelphia, for appellee.

Before WIEAND, OLSZEWSKI and BROSKY, JJ.

OLSZEWSKI, Judge:

Pennsylvania Dutch Co., Inc., and Wallace Candies, Inc. (PA Dutch & Wallace), appeal from an order transferring an action in the Cumberland County Court of Common Pleas to the Philadelphia County Court of Common Pleas, and coordinating that action with an action previously filed in the Philadelphia Court. The Philadelphia Court acted pursuant to new Pa.R.Civ.P. 213.1, holding that the actions had a common question of law or fact which predominated.

A brief procedural history is essential to our disposition of this case. Richardson Brands, Inc. (Richardson), filed an action in assumpsit in Philadelphia County; PA Dutch & Wallace were among the named defendants in that action. PA Dutch & Wallace filed preliminary objections in the Philadelphia action which were denied. No further action was taken in the Philadelphia proceeding until the motion for transfer and coordination was filed.

Immediately after the denial of their preliminary objections in the Philadelphia proceeding, PA Dutch & Wallace brought suit against Richardson in Cumberland County alleging breach of the same contract which is the subject of the Philadelphia proceeding. Richardson moved for a stay due to the pending Philadelphia action; said motion was denied. In denying the stay, the Cumberland County Court held that, while the same contract was at issue in both actions, the issues were severable as the Philadelphia action was based on an alleged breach of a covenant not to compete while the Cumberland action alleged breach due to a failure to make royalty payments. (Cumberland Court opinion at 4–5.) Upon refusal of the stay, Richardson filed the claims which were the basis of the Philadelphia action, as counterclaims in the Cumberland action. The Cumberland action proceeded through discovery and was listed for trial.

Richardson then filed a motion in the Philadelphia Court pursuant to Pa.R.Civ.P. 213.1 to have the Cumberland ac-

tion stayed, transferred, and coordinated to Philadelphia County. The Philadelphia Court granted the motion and indicated its belief that the order was interlocutory and unappealable.

PA Dutch & Wallace appealed the Philadelphia Court order granting the stay and transfer. Richardson moved to quash, alleging that the order at issue is interlocutory. PA Dutch & Wallace moved to dissolve the stay. This Court, per curiam, denied both motions and set the case for advanced scheduling.

PA Dutch & Wallace filed their brief relying on Pa.R.A.P. 311(a)(4) & (c) as establishing jurisdiction. Those provisions provide an appeal as of right from interlocutory orders granting injunctions and changing venue in civil matters. PA Dutch & Wallace make no argument in their brief as to whether the order at issue is covered by Rule 311 beyond the bald assertion that the rule applies. Appellants' brief does note the existence of the jurisdictional dispute and states, "Appellants are responding separately to that Motion [to quash due to lack of jurisdiction] and show that this Court does, in fact, have jurisdiction to hear this appeal." (Appellants' brief at 1, fn. 1.)[1]

Our initial inquiry, as in all cases, is a determination of whether this case is properly before this Court.[2] The trial

1. Appellants claim to have attempted to file a response to Richardson's motion to quash which addresses the jurisdictional issue. (Appellants' answer to appellee's motion to dismiss at 2, 4.) The Prothonotary allegedly refused to accept this filing, as no motion to quash was pending before this Court. (Id.) This is true, as the per curiam order setting this case for advanced scheduling clearly states that both the motion to quash and the motion to dissolve the stay were denied without prejudice to raise those issues in briefs and at argument. Therefore, we will address the jurisdictional question as it is presented by appellants' jurisdictional statement.

2. PA Dutch & Wallace argue that Richardson has waived its argument that jurisdiction is lacking because it did not renew the motion to quash. We find this somewhat puzzling; this Court's per curiam order denying the motion to quash specifically states:

... Appellee's Motion to Quash are DENIED WITHOUT PREJUDICE to the parties' ability to raise the issues contained therein before a panel of this court (emphasis in original).

court opined that this order was not appealable as it was interlocutory. (Trial court opinion at 1–2.)[3] The determination that an order is interlocutory rather than final, however, does not end our inquiry. Certain interlocutory orders are appealable as of right. *See*, Pa.R.A.P. 311, 42 Pa.C.S.A. (Purdon's Supp.1990). Our analysis turns to the provisions of that rule.

PA Dutch & Wallace rely upon Pa.R.A.P. 311(a)(4) to sustain jurisdiction of this appeal. That section provides:

**Interlocutory Appeals as of Right**

**(a) General Rule.** Except as otherwise prescribed by general rule, an appeal may be taken as of right from:

. . . . .

**(4) Injunctions.** An order granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions, except for injunctions pursuant to Sections 401(c) and 403(a) of the Divorce Code . . .

The order at issue does stay the Cumberland action. A stay is a type of injunction. BLACK'S LAW DICTIONARY, 5th Ed. p. 1267. As such, the order would appear to be appealable under Pa.R.A.P. 311(a)(4). This Court, however, has held that an order refusing to grant a stay is not an order denying an injunction appealable as of right under Pa. R.A.P. 311(a)(4). *Grimme Combustion, Inc. v. Mergentime Corp.*, 385 Pa.Super. 260, 560 A.2d 793 (1989). We see no basis for holding that an order granting a stay is an injunction appealable under the rule when an order denying a stay is not.[4] Accordingly, Rule 311(a)(4) does not support jurisdiction in this case.

Richardson's brief contains thorough argument of the jurisdictional question. Further, it is beyond dispute that this Court may raise jurisdictional issues *sua sponte*. Accordingly, we find no waiver of the jurisdictional question here.

**3.** PA Dutch & Wallace does not contest that the order at issue is interlocutory. (Appellants' reply brief at 2, n. 3.)

**4.** Neither PA Dutch & Wallace's original brief nor their reply brief refers to or attempts to distinguish *Grimme*. At no time have appel-

■ PA Dutch & Wallace also assert that PA R.A.P. 311(c) sustains the Court's jurisdiction of this appeal. That section reads as follows:

**Interlocutory Appeals as of Right**

.    .    .    .    .

**(c) Changes of Venue, etc.** An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles.

The order at issue clearly transfers the proceedings in the Cumberland Court to the Philadelphia Court. The transfer contemplated under Rule 213.1 is similar to changes of venue under Pa.R.Civ.P. 1006. *See,* Pa.R.Civ.P. 213.1, Explanatory Comment—1990 (Purdon's Supp.1990). Changes of venue under Rule 1006 are appealable under Pa.R.A.P. 311(c). *Vogel v. National R.R. Passenger Corp.,* 370 Pa.Super. 315, 536 A.2d 422 (1988). Richardson argues that such orders are appealable only when a court transfers a case out of its jurisdiction due to improper venue; orders sustaining venue are not appealable as of right. (Appellee's brief at 26, *citing, United Erectors v. Pratt & Lambert Corp.,* 338 Pa.Super. 577, 488 A.2d 43 (1985) and *Centerre Bank of Kansas City, N.A. v. Arthur Young & Co.,* 348 Pa.Super. 365, 502 A.2d 251 (1985).) While this may be a correct statement of the law, we do not agree that it is applicable here. The procedure contemplated by Rule 213.1 allows for a change of venue; however, rather than transferring an action out of its jurisdiction, a court is empowered to pull an existing action into its jurisdiction for

lants presented any argument that Rule 311(a)(4) sustains jurisdiction beyond their bald assertion that the Rule applies. The Concurring Statement asserts that *Grimme* is distinguishable as it holds interlocutory an order refusing a stay while here we examine the grant of a stay. We cannot agree. As cited above in the body of this opinion, Rule 311(a)(4) makes both orders granting injunctions and those refusing injunctions appealable as of right. Thus, the core of the *Grimme* holding is that a stay is not an injunction within the meaning of the Rule and we are bound by the precedent.

coordination with another ongoing action. Thus, the cases cited by appellee are not truly on point. Our Supreme Court has made it clear that "311(c) permits appeals to be taken as of right from orders *changing* venue." *Okkerse v. Bowe,* 521 Pa. 509, 516, 556 A.2d 827, 831 (1989) (emphasis in original). The question then is: does this order change venue or sustain venue? We hold that it does both. In transferring the Cumberland action to Philadelphia, it sustains the venue of the Philadelphia action and changes the venue of the Cumberland action. Such a transfer is within the parameters of Rule 311(c).

Appellee also argues on policy grounds that allowing appeals of 213.1 orders will defeat the purpose of the rule by furthering burdening the court system rather than streamlining litigation. This may be true. We, however, may not refuse to hear an appeal properly before us merely because litigation is thereby prolonged.[5] We therefore hold that orders transferring and consolidating cases under Pa. R.Civ.P. 213.1 are interlocutory orders appealable as of right under Pa.R.A.P. 311(c).

■ Having sustained jurisdiction because of the similarity of the order *sub judice* to a pure change of venue order, we find it appropriate to adopt the standard of review applicable to change of venue cases. Thus, orders transferring and coordinating cases pursuant to Pa.R.Civ.P. 213.1 will be reviewed only for abuse of discretion by the trial judge ordering the transfer. *See, Vogel, supra,* 370 Pa.Super. at 318–19, 536 A.2d at 424, and cases cited therein for the proposition that Pa.R.Civ.P. 1006(d) change of venue orders are reviewable only for abuse of discretion. Where the record provides a sufficient basis to justify a transfer, no abuse of discretion is shown. *Fox v. Pennsylvania Power & Light Co.,* 315 Pa.Super. 79, 83–84, 461 A.2d 805, 807 (1983) (McEwen, J. concurring).

5. We note that all appeals as of right of interlocutory orders prolong litigation to some extent.

■ PA Dutch & Wallace argue that the Philadelphia Court erred in its application of Rule 213.1 to the cases *sub judice*. That rule provides as follows:

(b) In determining whether to order coordination and which location is appropriate for the coordinated proceedings, the court shall consider, among other matters:

(1) whether the common question of fact or law is predominating and significant to the litigation;

(2) the convenience of the parties, witnesses and counsel;

(3) whether coordination will result in an unreasonable delay or expense to a party or otherwise prejudice a party in an action which would be subject to coordination;

(4) the efficient utilization of judicial facilities and personnel and the just and efficient conduct of the actions;

(5) the disadvantages of duplicative and inconsistent rulings, orders or judgements;

(6) the likelihood of settlement of the actions without further litigation should coordination be denied.

(Pa.R.Civ.P. 213.1, 42 Pa.C.S.A. (Purdon's Supp.1990).) PA Dutch & Wallace assert that the transfer was an abuse of discretion in the following manner: (1) the Cumberland Court has already decided that there are no predominating common questions of law or fact, as the two suits rely upon different sections of the contract; (2) the majority of the parties, witnesses, and counsel reside in Cumberland County; (3) as the Cumberland action is ready to go to trial, transfer to Philadelphia and the resultant delay will be unreasonable; (4) as the Cumberland action has completed its pretrial phase, it is more efficient to proceed there; (5) the order is inconsistent with the Cumberland Court's order denying Richardson's motion for a stay of the Cumberland action; and (6) settlement was proceeding as the Cumberland action neared trial and has stalled since the grant of the transfer and coordination order.[6]

---

**6.** PA Dutch & Wallace also argue that the Philadelphia Court erred by relying on factors other than those enumerated in the Rule. We reject this argument as clearly fallacious as the Rule itself states that the

Richardson responds to appellants' arguments by stating that these cases arose out of the same transaction and so are within Rule 213.1. Richardson further contends that PA Dutch & Wallace have Philadelphia counsel and that the transaction was executed in Philadelphia; it is claimed that these facts indicate the Philadelphia forum is more convenient. Finally, Richardson claims that it is PA Dutch & Wallace who have created judicial inefficiency and duplication of effort by filing the Cumberland action instead of litigating all claims in the Philadelphia Court.

The Philadelphia Court explained the ordered transfer and coordination as follows:

1. discovery was incomplete in the Cumberland County action;

2. the Cumberland County Court refused to remove the case from the trial list;

3. the two cases involve the same set of operative facts; and

4. under Pa.R.C.P. 213.1, Plaintiff [Richardson] may move to transfer and consolidate and thus sidetrack the apparent "race to judgment" in Cumberland County.

(Philadelphia Court opinion at 3.)

We will address the points raised by PA Dutch & Wallace *in seriatim.* We do not agree that the Cumberland Court had previously decided the "common factual questions predominating" issue against Richardson. It is true that, had the Cumberland Court decided that there were no common questions of law or fact, Richardson would not be able to relitigate that issue in the Philadelphia Court because of collateral estoppel principles. *See, Commonwealth v. Hude,* 492 Pa. 600, 425 A.2d 313 (1980) (plurality opinion) (Collateral estoppel is issue preclusion and seeks to prevent relitigation of finally litigated issue in subsequent proceeding between same parties, whether same evidence or different evidence is to be introduced.). Nevertheless, this precise issue was not decided by the Cumberland Court. Con-

listed factors may be considered among other factors. *See* text of rule cited above.

trary to appellants' assertion, the Cumberland Court refused to grant Richardson's motion for a stay because the issues in the two actions were severable, not because common questions did not exist or predominate:

> ... the issue in the Philadelphia lawsuit has to do with a violation of a covenant not to compete; a matter quite distinct from the matters (royalty payments) sought to be redressed in this case.... the contractual provision sued upon by the plaintiffs in the two different counties are separate and distinct. To date, we are satisfied that the remedies, relief and damages sought have nothing to do with each other.

(Cumberland Court opinion at 4–5.) The Cumberland Court opined that the issues, relief sought, remedies, and damages were different, not that common questions of fact were not present. As the precise question as to the existence and predominance of common questions had not been previously litigated, Richardson was not precluded from seeking a transfer in the Philadelphia Court.

PA Dutch & Wallace contend that the majority of the parties, witnesses, and counsel are located in Cumberland County. We do not agree. This contract was executed in Philadelphia. Both PA Dutch & Wallace are represented by Philadelphia counsel in the Philadelphia action. Richardson chose the Philadelphia venue when it filed the initial complaint in these sibling proceedings. The balance of the location of the relevant entities is not so in favor of Cumberland County to require reversal of this order.

PA Dutch & Wallace also contend that the Cumberland action is ready for trial. This is not borne out by the record. A review of the docket entries of the Cumberland action indicates that a substantial dispute as to the state of discovery in that case still exists. We agree that discovery is more advanced in the Cumberland action; however, we fail to see how that impacts the transfer to Philadelphia. The product of that discovery is as susceptible of use in Philadelphia as in Cumberland County. The same argument disposes of appellants' contention that, as the pretrial phase of the Cumberland action is complete, it is more

efficient to there. The Cumberland action is now incorporated into the Philadelphia action. All the work done in Cumberland County now benefits the Philadelphia case.

Nor are we convinced that the order at issue is inconsistent with the previous Cumberland Court order refusing Richardson's motion for a stay due to *lis pendens*. True, the Cumberland action has been stayed. Nonetheless, that action has been transferred and is now coordinated with the Philadelphia case. The Cumberland action has not been placed in a state of judicial limbo, it has been transferred. As to the final argument of PA Dutch & Wallace, the transfer of the case to Philadelphia in no way precludes settlement negotiations; appellants' claim that negotiations have stalled since the transfer is not a matter of record in this case.

It is beyond dispute that PA Dutch & Wallace could have raised their royalty claims as counterclaims in the Philadelphia action brought by Richardson pursuant to Pa.R.Civ.P. 1031. This is truly a matter that would be more efficiently litigated in one forum. Further, PA Dutch & Wallace were also free to petition the Philadelphia Court for a transfer to Cumberland County on *forum non conveniens* grounds; this they did not do. This case clearly presents "the unseemly spectacle of a race to judgement in the courts of two counties of this Commonwealth." *Norristown Auto Co., Inc. v. Hand,* 386 Pa.Super. 269, 277, 562 A.2d 902, 905 (1988). Rule 213.1 was drafted to address this exact situation. *See,* Pa.R.Civ.P. 213.1, 42 Pa.C.S.A., Explanatory Comments—1990 (Purdon's Supp.1990). In summary, there is sufficient support in the record to justify the transfer and consolidation of the Cumberland case with the Philadelphia case. Accordingly, no abuse of discretion has been shown. This Court will not so invade the province of the trial court to substitute our judgment for theirs.

Order affirmed. Case remanded for further proceedings. Jurisdiction relinquished.

WIEAND, J., concurs.

WIEAND, Judge, concurring.

I concur in the result. I write separately to state my disagreement with the majority's dictum that an order staying an action in another county is not immediately appealable under Pa.R.A.P. 311(a)(4). Such an order has the effect of enjoining a party from proceeding with an action pending in another county and is immediately appealable as an injunction order. To hold otherwise is to leave the enjoined party with no means of correcting an erroneous stay order and prevents him or her from pursuing a proper action. In this respect, it is vastly different than an order which refuses to grant a stay of an action pending in another county, where a party can, in any event, assert his or her contentions in the pending action. Thus, even if *Grimme Combustion, Inc. v. Mergentime Corp.*, 385 Pa.Super. 260, 560 A.2d 793 (1989), were correctly decided, it would not bar an immediate appeal from an order which, in fact, prevented a party from proceeding further with an action pending in another county.

However, because the majority holds the present order appealable under Pa.R.A.P. 311(c)—a decision with which I agree—and because I would hold that the trial court's order was not an abuse of discretion, I concur in the decision to affirm.