686 A.2d 1335

Douglas S. TRUMBAUER

v.

Richard W. GODSHALL, M.D., Upper Bucks Orthopaedics
Assoc., and Grandview Hospital.

Douglas S. TRUMBAUER

v.

Michael CLANCY, M.D., James Hurley, M.D., Robert Lyons,
M.D., Temple Sports Medicine & Orthopedics and
Temple University Hospital.

Appeal of Richard W. GODSHALL, M.D.

Superior Court of Pennsylvania.

Argued Sept. 17, 1996.

Filed Jan. 9, 1997.

Francis J. McGovern, Blue Bell, for appellant.

Sheila Haren, Philadelphia, for appellee Grandview Hosp.

Joel M. Eads, Philadelphia, for appellee Trumbauer.

Kirsten E. Bauer, Philadelphia, for appellees Clancy, et al.

Before DEL SOLE, BECK and POPOVICH, JJ.

BECK, Judge:

Appellant Richard W. Godshall, M.D. challenges the order of the trial court which granted plaintiff/appellee's Motion to Coordinate Actions pursuant to Pa.R.Civ.P. 213.1. We affirm.

According to the allegations in appellee's complaint, the following events preceded the filing of the actions now before us. In 1992, approximately eight years after being injured in a snowmobile accident and suffering from knee and back pain, plaintiff/appellee Douglas Trumbauer was seen by Dr. Godshall of Upper Bucks Orthopaedics Association ("UBOA") in Bucks County. Godshall referred Trumbauer to Dr. James Hurley of Temple Sports Medicine and Orthopedics in Philadelphia ("Temple"). Dr. Hurley, Dr. Michael Clancy and Dr. Robert Lyons, all of Temple, performed a femoral shortening surgical procedure on Trumbauer in October of 1992.

In July of 1993, Trumbauer returned to Godshall, again complaining of pain, and Godshall performed an additional

surgical procedure on Trumbauer at Grandview Hospital. Specifically, Godshall removed a proximal screw that had been put in place during Trumbauer's previous surgery at Temple. Trumbauer ultimately required additional surgical procedures and treatment which he alleged were necessitated by the negligent acts of the physicians named above.

In September of 1994 Trumbauer initiated a medical malpractice suit against Clancy, Lyons, Hurley and Temple. The matter was filed in the Philadelphia Court of Common Pleas ("the Philadelphia action"). In June of 1995, Trumbauer filed a medical malpractice action against Godshall, UBOA and Grandview in the Bucks County Court of Common Pleas ("the Bucks action"). Later, Trumbauer filed a motion in Philadelphia requesting that the Philadelphia and Bucks actions be coordinated and that the Bucks action be transferred to Philadelphia. The Bucks action defendants objected to the proposed coordination and transfer and requested that the motions court judge, the Honorable Eugene J. Maier, permit discovery on the issues of convenience and forum selection.[1]

After a hearing, the court granted Trumbauer's motion for coordination and transferred the Bucks action to Philadelphia. Discovery was not permitted. Dr. Godshall filed this timely appeal and is now joined by all defendants in his claim that the court's coordination and transfer order constitutes an abuse of discretion. Specifically, Godshall and his co-defendants claim that the court erred when it failed to allow discovery and when it chose Philadelphia as the forum for both actions.

The rule governing coordination of actions in different counties provides, in pertinent part, as follows:

(a) In actions pending in different counties which involve a common question of law or fact or which arise from the same transaction or occurrence, any party, with notice to all other parties, may file a motion requesting the court in which a complaint was first filed to order coordination of the

1. The Philadelphia action defendants neither joined nor opposed the motion but noted that they would agree to a transfer of the Philadelphia action to Bucks County.

actions. Any party may file an answer to the motion and the court may hold a hearing.

\* \* \* \* \* \*

(c) In determining whether to order coordination and which location is appropriate for the coordinated proceedings, the court shall consider, among other matters:

(1) whether the common question of fact or law is predominating and significant to the litigation;

(2) the convenience of the parties, witnesses and counsel;

(3) whether coordination will result in unreasonable delay or expense to a party or otherwise prejudice a party in an action which would be subject to coordination;

(4) the efficient utilization of judicial facilities and personnel and the just and efficient conduct for the actions;

(5) the disadvantages of duplicative and inconsistent rulings, orders or judgments;

(6) the likelihood of settlement of the actions without further litigation should coordination be denied.

Pa.R.Civ.P. 213.1.

Godshall asserts that the court did not consider subsections (c)(2), (3) and (4) before reaching its decision and, further, that the record is insufficient with regard to these factors. He claims that discovery is necessary to determine the convenience of the parties, the potential for delay or expense and the issue of judicial economy.

The case law with respect to Rule 213.1 is sparse. Among those cases that have addressed the issue, none has discussed whether discovery is required or may be appropriate under certain circumstances. In *Ahnert v. Rank America, Inc.*, 429 Pa.Super. 505, 632 A.2d 1336 (1993), a panel of this court held that the two actions at issue did not involve a common question of law or fact and, therefore, coordination was improper. *See also Richardson Brands v. Pennsylvania Dutch Co., Inc.*, 405 Pa.Super. 202, 592 A.2d 77 (1991) (common questions of fact and law present; coordination proper). Here, the parties do not dispute that the "common question"

requirement of Rule 213.1(a) has been met; instead, they disagree on the forum chosen by the court.[2]

In *Wohlsen/Crow v. Pettinato,* 446 Pa.Super. 215, 666 A.2d 701 (1995), we reviewed the trial court's order of coordination and determined that it was proper. There, the appellants argued that while coordination was appropriate, the court erred in choosing a forum different than the one requested by the movant. We analyzed the rule and decided that "the choice of venue, like the decision to coordinate, is left to the sound discretion of the trial court." *Id.* at 220, 666 A.2d at 704. Addressing the rule's mandate that certain factors be considered, we stated:

> In deciding whether and where to coordinate actions, the court must consider the totality of the circumstances, and examine in particular the factors enumerated in section (c). If the court then decides that coordination is appropriate, it may do so in any court in which one or more of the actions is pending.

*Id.*

Like those in *Wohlsen/Crow,* appellants here claim that the court erred in its choice of forum for the coordinated cases. However, unlike in *Wohlsen/Crow,* appellants here ask that we interpret Rule 213.1 to include mandatory discovery so that each factor in section (c) of the rule can be explored thoroughly.

■ We need not consider whether discovery should be granted in all Rule 213.1 cases. Upon review of the hearing transcript in this case, we find that discovery was not necessary. The court heard argument regarding the common questions of law and fact, as well as the location of the witnesses, the potential for delay and the efficient utilization of judicial resources. Further, the residences of the parties and their attorneys are a matter of record.

2. At the hearing, appellants argued that coordination was not appropriate and that a common question of law or fact did not exist. On appeal however, they have abandoned this argument and challenge only the court's forum choice of Philadelphia in the absence of discovery.

■ The record reflects that the court considered the arguments of counsel and chose to grant Trumbauer's motion. Whether we would have reached the same conclusion is immaterial as our standard of review in such cases is abuse of discretion. *See Richardson, supra* at 212–213, 592 A.2d at 83. We find none here.

Order of coordination and transfer affirmed. Matter remanded for further proceedings. Jurisdiction relinquished.