J-A17002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JENNA MARIE SCOTT, BY AND THROUGH HER GUARDIAN AD LITEM, JUDITH ALGEO, ESQUIRE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LOWER BUCKS HOSPITAL, LOWER BUCKS HEALTH ENTERPRISES, INC., ADVANCED PRIMARY CARE PHYSICIANS, BUCKS COUNTY INSURANCE COMPANY, LT., PRIMARY HEALTH CARE SERVICES (BRISTOL, PA) AND PRIMARY HEALTH CARE SERVICES (ONTARIO, CA) | |
| | No. 2607 EDA 2014 |

Appeal from the Order August 27, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): December Term, 2013 No. 3662

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED JULY 30, 2015**

Jenna Marie Scott, by and through her guardian *ad litem*, Judith Algeo, Esquire, appeals from the order entered on August 27, 2014, in the Court of Common Pleas of Philadelphia, transferring this action *sua sponte* to Bucks County for the purposes of coordination with another lawsuit. Scott claims the trial court lacked authority to transfer the matter *sua sponte*, and that the trial court erred in applying the Pa.R.C.P. 213.1(c) factors.  After a

thorough review of the submissions by the parties,[1] relevant law, and the certified record, we reverse the order transferring the action. Additionally, appellees motion to quash appeal as moot is denied.

> We note initially that an order directing coordination of actions in different counties is an interlocutory order appealable as of right. Pa.R.A.P. 311(c); **Richardson Brands, Inc. v. Pennsylvania Dutch Co., Inc.**, 405 Pa. Super. 202, 592 A.2d 77 (1991); **Lincoln General Ins. Co. v. Donahue**, 151 Pa. Cmwlth. 297, 616 A.2d 1076 (1992). We review an order coordinating actions under [Pa.R.C.P.] rule 213.1[2] for abuse of discretion by the trial court. Where the record provides a sufficient basis to justify the order of coordination, no abuse of discretion exists. **Richardson Brands, Inc.**, 405 Pa. Super. at 208, 592 A.2d at 81.

**Wohlson/Crow v. Pettinato Associated Contractors & Eng'rs**, 666 A.2d 701, 703 (Pa. Super. 1995).

We derive the factual history from our review of the certified record, and is as follows:

Prior to the institution of this action, Scott filed a medical malpractice action in Bucks County against the instant defendants alleging her severe birth defects were caused by the negligence of the defendants. However, Lower Bucks Hospital was in bankruptcy. Procedurally, this would force the negligence action to be stayed unless Scott agreed to proceed solely against

---

[1] Defendants/Appellees, Lower Bucks Hospital, et al, did not file a brief in this matter. However, they did file a motion to dismiss the appeal as moot.

[2] The trial court did not provide procedural authority for the basis of its *sua sponte* order. We rely upon the standards set forth for Pa.R.C.P. Rule 213.1 because that is the rule governing transfer of cases for purpose of coordination.

available insurance coverage. Although claiming the possibility of damages in excess of $100,000,000, Scott agreed to proceed solely against the limits of insurance coverage. Subsequently, Scott filed the instant action in Philadelphia County, claiming Lower Bucks Hospital had fraudulently induced her to proceed against non-existent insurance limits.

On April 15, 2014, Lower Bucks Hospital filed a joinder complaint against Scott's counsel in both the medical negligence (Bucks County) and fraud (Philadelphia County) cases. This joinder complaint alleged legal malpractice against opposing counsel. Various preliminary objections and amended joinder complaints followed, the specifics of which are immaterial herein, except to note venue of the Philadelphia fraud action was never contested. Next, on or about April 30, 2014, Scott sent her first set of requests for admissions to Lower Bucks Hospital. Lower Bucks Hospital responded on or about May 29, 2014. Scott then filed a motion to strike those responses. Lower Bucks Hospital filed its response to the motion on or about July 3, 2014. Neither the requests for admissions nor any of the answers addressed the issue of venue. Nonetheless, on August 27, 2014, the trial court issued its order regarding the motion to strike the responses to the requests for admissions. The order contains no directive regarding the request for admissions or the responses thereto. Rather, the trial court, *sua sponte*, ordered the Philadelphia fraud/legal negligence matter transferred to Bucks County for coordination with the medical negligence case. Scott filed this timely appeal.

On August 24, 2014, three days prior to the order transferring venue, the medical negligence claim went to trial. That trial lasted until September 24, 2014 when the jury returned a verdict in favor of defendants. Post-trial motions have been filed in that matter, and pending resolution of those issues, an appeal to this Court could follow.

As noted above, the trial court provided no procedural basis to support the *sua sponte* transfer of this matter from Philadelphia County to Bucks County. However, the trial court did cite ***Pennsylvania Manufacturers' Association Ins. Co.***[PMAIC] ***v. The Pennsylvania State University***, 63 A.3d 792 (Pa. Super. 2013) in support of its actions. ***PMAIC*** relied upon Pa.R.C.P. 213.1 as the procedural foundation enabling the court to transfer the case. In relevant part, Rule 213.1 states:

> Rule 213.1. Coordination of Actions in Different Counties.
>
> (a) In actions pending in different counties which involve a common question of law or fact or which arise from the same transaction or occurrence, any party, with notice to all other parties, may file a motion requesting the court in which a complaint was first filed to order coordination of the actions. Any party may file an answer to the motion and the court may hold a hearing.

Pa.R.C.P. 213.1(a).

While Rule 213.1 does provide the procedural basis to transfer cases for purposes of coordination, it does not provide the ability of the trial court

- 4 -

to do so on its own volition.[3]  The rule requires a party to formally request the transfer by filing a motion and then serving notice of the motion to all other parties.  By acting unilaterally, the trial court ignored the requirements that a party request the transfer and that all parties be given both notice and the opportunity to respond.  We have found no case law addressing this situation, addressing the *sua sponte* transfer of a case to another jurisdiction pursuant to Rule 213.1.  Nonetheless, we have no hesitation in determining that the plain language of the Rule does not grant the trial court the power to act in such a manner.

We agree with Scott that this determination is bolstered by ***Horn v. Erie Insurance Exchange***, 540 A.2d 584 (Pa. Super. 1988), that determined the trial court did not have inherent power to *sua sponte* transfer a matter to another jurisdiction pursuant to Pa.R.C.P. 1006(d), regarding forum *non conveniens*.  In finding the trial court could not act unilaterally, a panel of our Court noted that transfer pursuant to Rule 1006(d) required a petition be filed by any party.  Accordingly, the trial court abused its discretion "by *sua sponte* transferring venue to another forum which, for reasons perceived by the transferring court, could more conveniently decide the case."  ***Id***. at 586.  Similarly, Rule 213.1 requires transfer to be initiated by a party and it follows that the Rule does not

---

[3] Compare Pa.R.C.P. 213, which allows the court to *sua sponte* consolidate or coordinate actions that originated within in the same county.

- 5 -

sanction *sua sponte* action based upon reasons perceived solely by the trial court.

Finally, we note that generally, the law "vests great weight in the plaintiff's initial choice of forum." **Wilson v. Levine**, 963 A.2d 479, 487 (Pa. Super. 2008). If we were to sanction the unilateral transfer of a case to another forum, we would be improperly ignoring that directive. Accordingly, the transfer of this matter from Philadelphia to Bucks County must be reversed.

Based on the foregoing, we need not address Scott's other claim that the trial court erred substantively in transferring the case. Additionally, because the matter was transferred without generating a record on the factors to be considered, **see** Pa.R.C.P. 213.1(c), we would have no basis upon which to rule.

Finally, based upon the fact that it prevailed in the underlying medical negligence action, Lower Bucks Hospital has moved this Court to dismiss the appeal as moot. It has been asserted that there are pending post-trial motions and a potential appeal. Accordingly, the medical negligence action has not concluded. Because there is still a chance Scott can prevail in the medical negligence action, the issue of transfer is not moot.

Based on the foregoing, Lower Bucks Hospital's motion to quash appeal as moot is denied, and the August 27, 2014 order transferring this matter to Bucks County is reversed and remanded to the Court of Common

Pleas of Philadelphia County for action consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/30/2015