Justice CASTILLE joins this dissenting opinion.

**DIGIMATICS, INC., Appellee,**

v.

**ABC ADVISORS, INC. d/b/a Bidsplus, Appellant.**

Superior Court of Pennsylvania.

Argued May 24, 2000.
Filed Sept. 19, 2000.

---

1. Although the *Apprendi* majority appears to express reservation in characterizing a recidivist enhancement as a sentencing factor since it increases the statutory maximum punishment, *see id.* at ——, 120 S.Ct. at 2362, the holding does not overrule prior decisions to this effect. In any event, at a minimum, *Apprendi* treats recidivist enhancements as an exception to the general rule requiring proof beyond a reasonable doubt at a trial by jury.

2. *See* Registration of Sexual Offenders, Act of Oct. 24, 1995, P.L. 1079, No. 24 (Spec.Sess. No. 1), § 1, *abrogated in part by Commonwealth v. Williams,* 557 Pa. 285, 312–13, 733 A.2d 593, 608 (1999) (holding that the sexually violent predator provisions violated due process), *cert. denied,* —— U.S. ——, 120 S.Ct. 792, 145 L.Ed.2d 668 (2000).

Anthony W. Hawks, Alexandria, VA, for appellant.

James E. Del Bello, Media, for appellee.

BEFORE: KELLY, ORIE MELVIN and TODD, JJ.

TODD, J.:

¶ 1 In this apparent case of first impression, ABC Advisors, Inc. ("ABC") appeals the September 24, 1999 order of the Delaware County Court of Common Pleas, granting the motion to coordinate actions filed by Digimatics, Inc. ("Digimatics"). By virtue of its order, the court stayed the proceedings pending in the Court of Common Pleas of Franklin County and transferred them to the Court of Common Pleas of Delaware County.[1] The sole issue before this Court concerns the meaning of the phrase "the court in which a complaint was first filed" under Rule 213.1(a) of the Pennsylvania Rules of Civil Procedure. Specifically, the question is whether the term "court" encompasses the district justice or refers solely to the court of common pleas. For the reasons set forth below, we affirm.

¶ 2 Because the sequence in which complaints were filed in the Delaware County and the Franklin County actions is central to this appeal, we will briefly recount the procedural history. On April 21, 1998, ABC filed a complaint with the Honorable District Justice Gary L. Carter in Franklin County, in which it asserted a cause of action against Digimatics for breach of contract. On May 1, 1998, Digimatics filed a complaint with the Honorable District Justice David J. Murphy in Delaware County, also alleging breach of contract and arising out of the same events. Between May and September 1998, numerous continuances were granted in the respective actions. Finally, on September 17, 1998, a default judgment was entered by District Justice Murphy in Delaware County for Digimatics in the amount of $1,019.59 and, on October 9, 1998, a default judgment was entered by District Justice Carter in Franklin County for ABC in the amount of $724.95.

¶ 3 ABC appealed the Delaware County judgment on October 19, 1998 to the Court of Common Pleas of Delaware County and Digimatics filed its complaint therein on October 29, 1998. In the Franklin County litigation, Digimatics appealed the judgment to the Court of Common Pleas of Franklin County on November 2, 1998, and ABC filed its complaint with that court on December 2, 1998. Thus, while ABC

---

1. This interlocutory appeal was brought pursuant to Rule 311(c) of the Pennsylvania Rules of Appellate Procedure which provides that "an appeal may be taken as of right from an order in a civil action or proceeding changing venue, [or] transferring the matter to another court of coordinate jurisdiction ..." Pa.R.A.P. 311(c).

was the first to file a complaint before a district justice, Digimatics was the first to file a complaint in a court of common pleas.

¶ 4 Each party filed a motion in the county in which it appealed to coordinate the actions, pursuant to Rule 213.1 of the Pennsylvania Rules of Civil Procedure. As Digimatics filed its complaint first in the Delaware County Court of Common Pleas, the Honorable Clement J. McGovern, Jr. concluded that the motion should be decided by the Delaware County Court. Accordingly, Judge McGovern granted Digimatics' motion to coordinate, stayed the Franklin County litigation, and transferred the matter to Delaware County. On appeal, ABC contends that Franklin County, not Delaware County, was the proper forum for consideration of the motion because it instituted its cause of action first by filing a complaint with District Justice Carter in Franklin County prior to the institution of any action in Delaware County.[2]

¶ 5 Rule 213.1 states in pertinent part:
COORDINATION OF ACTIONS IN DIFFERENT COUNTIES

(a) In actions pending in different counties which involve a common question of law or fact or which arise from the same transaction or occurrence, any party, with notice to all other parties, may file a motion requesting *the court in which a complaint was first filed* to order coordination of the actions. Any party may file an answer to the motion and the court may hold a hearing.

Pa.R.C.P. 213.1(a) (emphasis added).

¶ 6 We are aware of no decisions of the appellate courts of Pennsylvania addressing this precise issue, and the parties cite to none.

¶ 7 In reviewing a trial court's ruling on a motion to coordinate actions, we

employ an abuse of discretion standard. *See Trumbauer v. Godshall,* 455 Pa.Super. 40, 686 A.2d 1335 (1997).

¶ 8 In examining this issue, we note the *de novo* nature of an appeal from the district justice to a court of common pleas. The proceedings in the court of common pleas "shall be conducted *de novo* in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the court of common pleas." Pa.R.C.P.D.J. 1007A. We previously have stated that "[d]e novo review entails, as the term suggests, full consideration of the case anew. The reviewing body is in effect substituted for the prior decision maker and redecides the case." *Commonwealth v. Gussey,* 319 Pa.Super. 398, 466 A.2d 219, 222 (1983) (quoting *Commonwealth v. Virnelson,* 212 Pa.Super. 359, 243 A.2d 464, 469 (1968)). Further, "the appellant being entitled to and receiving a hearing *de novo* before the Court of Common Pleas," the propriety of the district justice's determination "is of no moment nor is it entitled to any consideration by the court below or this Court on review." *Id.* at 223 (citation omitted). The explanatory note for Rule 1007A of the Pennsylvania Rules of Civil Procedure for District Justices states that "the court of common pleas on appeal can exercise its full jurisdiction and all parties will be free to treat the case as though it had never been before the district justice." Pa. R.C.P.D.J. 1007 note (1982) (Procedure on Appeal). Given that, for all intents and purposes, the proceedings before the district justice are of no moment to the court of common pleas, we conclude that it would be inconsistent to give Rule 213.1 the reading which ABC suggests.

¶ 9 When read in the context of the rule as a whole, we conclude that "court" unambiguously refers to the court of common pleas and not the district justice. The

---

**2.** In its appellate brief, ABC does not pursue a challenge .to the merits of the trial court's order—raised in its Statement of Matters Complained of on Appeal—but pursues only this jurisdictional issue.

court to which the motion to coordinate is directed is the same court in which the complaint is first filed. Because such a motion can be directed only to a court of common pleas, we must look to that court to determine which complaint is filed first. This necessarily excludes consideration of filings with the district justice.[3] Thus, we conclude that Rule 213.1 contemplates consideration only of complaints filed in the Courts of Common Pleas.

¶ 10 We hold that, for purposes of deciding a motion under Pa.R.C.P. 213.1(a), the court should look to the complaint first filed in the court of common pleas, regardless of what may previously have transpired before a district justice. As these two parties do not dispute that Digimatics' complaint was filed first—with the Court of Common Pleas of Delaware County—before ABC filed its complaint with the Court of Common Pleas of Franklin County—we find that Judge McGovern properly ruled upon Digimatics' motion.

¶ 11 Order affirmed.

---

**3.** Further, we note that the rule contains no reference at all to the district justice or to a notice of appeal filed from a district justice.