J-A01008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BRANDON F. WOMACK AND HOMELAND INTELLIGENCE AND PROTECTIVE SERVICES, LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| NEIGHBORHOOD SECURITY PATROL AND HARRY MEARING, III | |
| Appellants | No. 1629 WDA 2015 |

Appeal from the Order October 1, 2015
In the Court of Common Pleas of Washington County
Civil Division at No(s): No. 2015-4739

BEFORE:  BOWES, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 10, 2017**

Neighborhood Security Patrol and Harry Mearing, III, appeal from the October 1, 2015 order dismissing a lawsuit that they filed in Philadelphia County and ordering that it be consolidated with this action, which was instituted by Appellees Brandon F. Womack and Homeland Intelligence and Protective Services, LLC.[1]  We reverse.

---

[1] We have jurisdiction over this interlocutory appeal pursuant to Pa.R.A.P. 311(c), which provides that "an appeal may be taken as of right from an order in a civil action or proceeding changing venue, [or] transferring the matter to another court of coordinate jurisdiction ..." Pa.R.A.P. 311(c). **See**
*(Footnote Continued Next Page)*

\* Retired Senior Judge assigned to the Superior Court.

On August 3, 2015, Appellees instituted this case against Appellants in the Court of Common Pleas of Washington County at docket number 2015-4739, by filing a complaint and averring the following. On February 1, 2015, Mr. Womack, Mr. Mearing, and Ashley Rodrigues, who was not a named party, entered into a written agreement to operate and manage a limited liability company with a registered business name of Homeland Intelligence and Protective Services, LLC., with Mr. Womack as the managing member. The agreement in question was attached to the complaint, and it indicated that each party contributed capital. Pursuant to the terms of the accord, the company was created to provide protection and investigation services to the private sector.

In their complaint, Appellees also alleged the following. Each member made the initial capital contributions to Homeland Intelligence and Protective Services, LLC reflected in the agreement, and, as the company was being operated, Mr. Womack made additional capital contributions in order to keep it solvent. On May 8, 2015, the three members agreed to dissolve the Homeland Intelligence and Protective Services, LLC. As part of that dissolution, Mr. Womack and Mr. Mearing contractually agreed that Mr. Mearing would pay Mr. Womack the amount of capital he contributed to the

*(Footnote Continued)* ─────────────

***Digimatics, Inc. v. ABC Advisors, Inc.***, 760 A.2d 390, 391 n.1 (Pa.Super. 2000).

company and that Mr. Womack could keep the name and business identified as Homeland Intelligence and Protective Services, LLC. In the complaint, Appellees claimed that Mr. Mearing did not pay Mr. Womack his capital contributions and that Mr. Mearing continued to operate the same business as Homeland Intelligence and Protective Services, LLC, but merely utilized the name of Neighborhood Security Patrol, a fictitious name registered by Mr. Mearing.

Appellees additionally set forth the following in their complaint. On June 17, 2015, they filed a lawsuit in the magisterial district court located at 3441 Millers Run Road, Cecil, docketed at CV-58-15. Appellants thereafter informed the magisterial district court and Appellees that they would be filing a counter-claim against Appellees that would exceed the jurisdictional limits of that court. The complaint thereafter states, "[P]ursuant to 42 Pa.C.S. § 5103,[2] Plaintiffs hereby timely file this action in the Court of Common Pleas of Washington County, and will supplement this filing with the certified record of the Magisterial District Court action." Complaint,

---

[2] Section 5103 of Title 42, which is set forth in full in the text, *infra*, requires a court, including a magisterial district court, that does not have jurisdiction over a matter brought before it to transfer that matter to the court with jurisdiction rather than dismiss it. Section 5103 also indicates that the case will be considered as filed as of the date it was brought in the incorrect court instead of when it was transferred.

8/3/15, at 16. Appellees pled causes of action in breach of contract and unjust enrichment.

On September 16, 2015, before service of process was achieved, Appellees filed a motion to coordinate and consolidate actions pursuant to Pa.R.C.P. 213.1. That rule controls the coordination and consolidation of actions relating to the same subject matter and will be set forth, *infra*. In the consolidation motion, it was averred that on June 21, 2015, Appellants filed an action against Appellees in the Court of Common Pleas of Philadelphia County that related to the same legal issues and pertinent facts. Appellees' position was that they were the first to file a complaint regarding the pertinent events, as follows. "This matter [*i.e*, docket number 2015-4739 in the Court of Common Pleas of Washington County] was originally initiated as a civil action by Plaintiffs against Defendants on June 17, 2015, in the Magisterial District Court 27 – 03 -06 and docketed at CV – 58 -15." Motion to Coordinate and Consolidate Actions, 9/16/15, at ¶ 2. Appellees continued that, on "June 21, 2015, Defendants filed a civil action against Plaintiffs in the Court of Common Pleas of Philadelphia County, Pennsylvania, related to the same legal issues and operative facts." Appellees then noted that, in the Philadelphia County action, "Defendants' claim is for an amount in excess of the jurisdictional limits of the District Magistrate's Office." *Id*. ¶ 4. Appellees next averred that "to facilitate subject matter jurisdiction,

Plaintiffs timely filed [the present] action in the Washington County Court of Common Pleas of Washington County[.]" *Id*. at ¶ 5.

In requesting consolidation in the Court of Common Pleas of Washington County under Pa.R.C.P. 213.1, Appellees maintained that "pursuant to 42 Pa.C.S. § 5103, when the Magisterial District lacks jurisdiction over the action, it shall not quash or terminate the action, but rather the action should be transferred or re-filed in [the] appropriate court and shall be deemed filed on the date the action was first filed in the Magisterial District." *Id*. at 8. Appellees averred that, due to the complaint filed in magisterial district court, they were the first to file a complaint regarding the subject matter of the two lawsuits, and that the Philadelphia action should be consolidated with the present one.

Appellants filed an answer and memorandum of law in opposition to the motion to coordinate and consolidate. Appellants asked that this lawsuit be transferred and consolidated with the Philadelphia County action that they had instituted at docket number June Term, 2015, number 2642. Appellants noted that they filed their complaint on June 19, 2015, not June 21, 2015, as stated by Appellees. A copy of the complaint presented in the Philadelphia lawsuit was attached to Appellants' motion, It concerns the same subject matter as this lawsuit, and was filed on June 19, 2015.

Appellants then denied that Appellees brought a case in the magisterial district court against Appellants, and attached as an exhibit to

the response to the consolidation motion a copy of the civil complaint filed by Appellees at CV-58-15 on June 17, 2015, in the magisterial district court. That complaint was filed by Mr. Womack alone, the sole defendant was Mr. Mearing, and Mr. Womack asked for a "judgment against [Mr. Mearing] for $12,000 together with costs." Defendants['] Answer to Plaintiff[s'] Motion to Coordinate and Consolidate Actions, 10/1/15, at Exhibit B page 1. Appellants further noted that service of process was never achieved in the magisterial district court matter, which remained pending, and that the magisterial district court never transferred the case to any other court.

On October 1, 2015, the trial court herein granted Appellees' motion to consolidate and coordinate and ordered that the Philadelphia County case be terminated and consolidated with this lawsuit. The court accepted the premise that Appellees had filed a complaint first concerning the subject matter of the two lawsuits when Mr. Womack filed the complaint in the magisterial district court on June 17, 2015, and it reasoned that the June 17, 2015 magisterial district court case had been transferred to this action.

Appellants filed this timely appeal from the October 1, 2015 order, and raise these issues:

> 1. Whether the trial court committed an error of fact and/ or law and/ or abused its discretion in exercising personal jurisdiction over the Appellants as Appellees failed to perform original service of process?

2. Whether the trial court committed an error of fact and/ or law and/ or abused its discretion in applying Pa.R.C.P. §5103 [sic], transfer of erroneously filed matters.

3. Whether the trial court committed an error of fact and/ or law and/ or abused its discretion in failing to apply Pa.R.C.P. §213.1 factors in coordinating actions in different counties?

Appellants' brief at 4.

We conclude that the trial court committed legal error in holding that the complaint herein was filed before the one in Philadelphia County, and therefore hold that its October 1, 2015 order dismissing the Philadelphia action and ordering its consolidation with this case must be reversed. We find that the complaint in Philadelphia was filed first, and thus, the trial court herein did not have jurisdiction to decide the coordination issue. In light of this determination, we do not need to address the first issue raised in this appeal.

Initially, we observe that: "We review an order coordinating actions for abuse of discretion by the trial court." *Dillon McCandless King Coulter & Graham, LLP v. Rupert*, 81 A.3d 912, 918 (Pa.Super. 2013) (citation omitted). A trial court commits an abuse of discretion when it fails to properly apply the applicable law. *In re Adoption of A.P.*, 920 A.2d 1269, 1273 (Pa.Super. 2007) (citation and quotation marks omitted; emphasis added) ("An abuse of discretion occurs when the course pursued represents not merely an error of judgment, but where the judgment is manifestly

- 7 -

unreasonable **or where the law is not applied** or where the record shows that the action is a result of partiality, prejudice, bias or ill will.").

Herein, the Washington County Court of Common Pleas ordered coordination of the Philadelphia court proceeding with the action herein pursuant to Pa.R.C.P. 213.1, which states:

> (a) In actions pending in different counties which involve a common question of law or fact or which arise from the same transaction or occurrence, any party, with notice to all other parties, may file a motion **requesting the court in which a complaint was first filed** to order coordination of the actions. Any party may file an answer to the motion and the court may hold a hearing.

> (b) **The court in which the complaint was first filed** may stay the proceedings in any action which is the subject of the motion.

Pa.R.C.P. 213.1 (emphases added). The comment to this rule delineates, "Subdivision (a) provides the procedure for obtaining an order of coordination: motion, answer and hearing. The procedure is deliberately left general and flexible. The two stated requirements are that the motion must be 'with notice to all other parties' **and that the request be made to 'the court in which a complaint was first filed**.'" Pa.R.C.P. 213.1 Explanatory Comment-1990 (emphasis added). The comment continues, "The court in which the first complaint was filed **establishes a forum** for the coordination proceedings." ***Id***. (emphasis added).

In this case, there is no apparent dispute that the action instituted by Appellants in Philadelphia County concerns the same transactions, parties,

and facts as those in this lawsuit. The critical inquiry is which complaint was filed first. As noted, Appellees' position was that their complaint was filed first because it was filed in the magisterial district court on June 17, 2015, two days before Appellants' Philadelphia case. Appellees' consistent position has been that, by filing this lawsuit, they transferred the magisterial district court case to the Washington County Court of Common Pleas because it was erroneously filed at the magisterial district court as the amount at issue exceeded that court's jurisdiction. Appellees have insisted that the date of the filing of the magisterial district court case, June 17, 2015, must be used in determining whether Appellee's complaint or the one in Philadelphia, which was filed on June 19, 2015, was filed first. In ordering that the Philadelphia case be dismissed and that the matter proceed in Washington County, the court accepted Appellees' premises.

There are three fatal flaws in Appellees' position. First, the action filed in the magisterial district court was within its jurisdiction. The record establishes that Mr. Womack asked for a judgment in the amount of $12,000[3] plus interest and costs in that court, and, under 42 Pa.C.S. § 1515(a)(3), "magisterial district judges shall . . . have jurisdiction of . . . [c]ivil claims . . . wherein the sum demanded does not exceed $12,000,

---

[3] While Mr. Womack averred that Mr. Mearing owed him approximately $18,000, Mr. Womack did not seek a judgment in that amount against Mr. Mearing.

exclusive of interest and costs[.]" In their motion to consolidate and coordinate, Appellees admitted that Appellants did not file a counter-claim in the magisterial district court that deprived it of jurisdiction. They took the legally incorrect position that the action filed in the Court of Common Pleas of Philadelphia County constituted a counterclaim to the complaint filed in the magisterial district court, that the Philadelphia Court case involved an amount in excess of the jurisdictional limits of the magisterial district court, and the magisterial district court was thereby deprived of jurisdiction due to the filing of the Philadelphia lawsuit.

This factual posture is legally untenable. An action filed in a court of common pleas simply does not and cannot constitute a counterclaim in another case filed in a different county before another court. Thus, the magisterial district court did have jurisdiction over the claim filed before it, and there was no pending counterclaim before the magisterial district that deprived it of jurisdiction. Contrary to Appellees' stance, because the court had jurisdiction, the magisterial district court matter could not be transferred pursuant to 42 Pa.C.S. § 5103, which provides:

> **If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the** court or **magisterial district judge shall** not quash such appeal or dismiss the matter, but shall **transfer the record thereof to the proper tribunal of this Commonwealth**, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of

this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. § 5103 (emphases added).

The second critical problem with Appellees' position is that the magisterial district court **never** transferred its case to this docket number. To the contrary, Appellees instituted the action before the magisterial district court, and then separately filed this lawsuit in the Court of Common Pleas of Washington County. In their complaint, Appellants alleged that, by instituting this lawsuit, **they** had transferred the case under 42 Pa.C.S. § 5103 from the magisterial district court to the court of common pleas. Simply put, they did not have the authority to undertake this action. The statute in question clearly accords that power only to the court. In addition, filing a separate action in a different court does not constitute a "transfer." Thus, Appellees did not transfer the magisterial district court matter to the Washington County Court of Common Pleas when they filed the complaint at docket number 2015-4739.

In summary, the record herein establishes conclusively that the magisterial district court not only had jurisdiction over the complaint filed by Mr. Womack, it did not transfer the matter to this civil action. Thus, the

complaint in civil action 2015-4739 in the Court of Common Pleas of Washington County was filed on August 3, 2015, and the complaint at docket number 2642, June Term, 2015, in the Philadelphia Court of Common Pleas was filed on June 19, 2015. The Philadelphia County complaint was filed first, and Pa.R.C.P. 213.1 firmly places jurisdiction over a request for consolidation and coordination in the court where the complaint was first filed. Since the Philadelphia complaint was filed before the complaint herein, the trial court in this lawsuit did not have jurisdiction to decide the coordination issue under Pa.R.C.P. 213.1, and it should have transferred that request to the Philadelphia County Court of Common Pleas action filed at docket number 2642, June Term, 2015.

The final reason that Appellees improperly prevailed in the trial court pertains to application of *Digimatics, Inc. v. ABC Advisors, Inc.*, 760 A.2d 390 (Pa.Super. 2000). In that case, the parties filed countervailing lawsuits concerning the same subject matter. Both parties filed their cases in the magisterial district courts, but in different counties. ABC's action before the magisterial district court was instituted first in Franklin County while Digimatics' case was filed before a magisterial district court in Delaware County. Both parties obtained default judgments before the magisterial district courts, and both judgments were appealed to the respective courts of common pleas.

Then, Digimatics filed its complaint in the Court of Common Pleas of Delaware County while ABC later filed a complaint in the Court of Common Pleas of Franklin County. Thus, although ABC filed a complaint with the magisterial district court first, Digimatics filed its complaint first in the court of common pleas. Both parties presented countervailing motions to consolidate under Pa.R.C.P. 213.1. The Franklin County court decided that Digimatics was the first one to file a complaint and concluded that the consolidation motion had to be decided in Delaware County, where the first complaint was filed. The Franklin County court stayed the Franklin County litigation and transferred the matter to Delaware County.

On appeal, we affirmed. This Court held, "When read in the context of the rule as a whole, we conclude that 'court' unambiguously refers to the court of common pleas and not the district justice." *Id*. at 392. We continued that the "court to which the motion to coordinate is directed is the same court in which the complaint is first filed." *Id*. at 393. The ***Digimatics*** Court then ruled that, since a motion to consolidate "can be directed only to a court of common pleas, we must look to that court to determine which complaint is filed first. This necessarily excludes consideration of filings with the district justice. Thus, we conclude that Rule 213.1 contemplates consideration only of complaints filed in the Courts of Common Pleas." ***Id***. (footnote omitted). We expressly held that "for purposes of deciding a motion under Pa.R.C.P. 213.1(a), the court should look to the complaint first

- 13 -

filed in the court of common pleas, **regardless of what may previously have transpired before a district justice**." *Id*. (emphasis added). We therefore affirmed the transfer of the Franklin County case to the Delaware County one.

In the present matter, under the ***Digimatics*** decision, anything that transpired at the magisterial district justice is irrelevant. Accordingly, the fact that Mr. Womack sued Mr. Mearing on June 17, 2015, in magisterial district court is not considered for purposes of applying Pa.R.C.P. 213.1. ***Digimatics*** likewise confirms the fact that the court where a complaint was filed first is the court with jurisdiction to consider the coordination issue. Hence, the trial court herein did not have jurisdiction to hear the consolidation motion and is directed to transfer consideration of the consolidation issue to the Court of Common Pleas of Philadelphia County at docket number 2642, June Term, 2015, for resolution.

Order reversed. Case remanded for proceedings consistent with this adjudication. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/17

- 14 -