J-A03023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS STEVENSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THE JOSEPH VENTRESCA GROUP | : | |
| BUILDERS & RENOVATORS LLC, | : | |
| AND JVBG LLC | : | No. 449 EDA 2021 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered February 16, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 200100726

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

JUDGMENT ORDER BY DUBOW, J.:　　　　　**FILED JANUARY 18, 2022**

Appellants, The Joseph Ventresca Group Builders & Renovators LLC ("Ventresca") and JVBG LLC, appeal from the February 16, 2021 order entered in the Philadelphia County Court of Common Pleas denying their Emergency Motion for Special Relief.  We quash this appeal as interlocutory.

The relevant facts and procedural history as gleaned from the record, including trial court's April 28, 2021 Pa.R.A.P. 1925(a) Opinion, are briefly as follows.  The parties to this action are also parties to a suit pending in the Bucks County Court of Common Pleas, where their roles are reversed.

On January 8, 2020, Appellee, Thomas Stevenson filed the complaint in equity initiating this action.  Appellants filed preliminary objections, which the trial court denied on June 15, 2020.  On July 20, 2020, Appellants filed an answer to the complaint and new matter.

Almost seven months later, on February 16, 2021, Appellants filed their Emergency Motion for Special Relief Under Pa.R.C.P. 1531[1] seeking to "enjoin [Appellee] from all actions in this court . . . until the Bucks County Court of Common Pleas decides the Emergency Motion for Special Relief [pending before it] . . . and any further appeal based on that order can be resolved." Motion, 2/16/21, at 2, 3.

The trial court reviewed the emergency motion and concluded that it was, in substance, a motion to stay these proceedings, and not a request for an injunction as styled by Appellants. It further concluded that Appellants were not entitled to stay this action and, therefore, denied the motion.[2] This appeal followed.

As a preliminary matter, we consider whether we have jurisdiction over this appeal. Appellants claim that this is an appeal from the trial court's order denying their request for an injunction and is, thus, an interlocutory appeal as of right pursuant to Pa.R.A.P. 311(a)(4) (pertaining to injunctions).

Injunctions preserve the *status quo* by either forbidding an act or commanding the performance of some specific act. *Shepherd v. Pittsburgh Glass Works, LLC*, 25 A.3d 1233, 1241 (Pa. Super. 2011). To establish a

---

[1] Pa.R.C.P. 1531 pertains to requests for preliminary or special injunctions.

[2] The trial court also noted that passage of almost eight months from the denial of their preliminary objections and 13 months from initiation of this action undermined Appellants' claim that their request for relief was an "emergency." Trial Ct. Op. at 7.

right to injunctive relief, a petitioner must establish each of six prerequisites. **Porter v. Chevron Appalachia, LLC**, 204 A.3d 411, 416 (Pa. Super. 2019).

Appellants' claim that their emergency motion sought injunctive relief is belied by the motion itself. Appellants did not seek to preserve the *status quo* by forbidding Appellee from performing or commanding that Appellee perform some act; instead, they sought to delay the progress of the instant matter pending a decision in the related Bucks County action. In addition, in their emergency motion Appellants did not plead, let alone prove, each of the six injunction prerequisites.

Thus, following our review, we agree with the trial court that the relief requested by Appellants was not for injunctive relief; rather, Appellants simply sought a stay of the Philadelphia County proceedings pending resolution of the matter in Bucks County.

Orders denying motions to stay proceedings are generally interlocutory and not collateral. **See**, **e.g.**, **Washington v. FedEx Ground Package System, Inc.**, 995 A.2d 1271, 1275 (Pa. Super. 2010) (explaining that "orders staying proceedings to await termination of related proceedings in another court [] are generally considered interlocutory in nature, and are therefore only appealable if made so by statute."); **Grimme Combustion, Inc. v. Mergentime Corp.**, 560 A.2d 793 (Pa. Super. 1989) (holding that an order refusing to grant a stay is not an order denying an injunction that is appealable as of right). Accordingly, the order denying Appellants' emergency

motion relief is interlocutory and not immediately appealable. We, therefore, quash this appeal.[3]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/18/2022

---

[3] We note also that judicial coordination of this action with the action pending in the Bucks County Court of Common Pleas pursuant to Pa.R.C.P. 213.1 may have been appropriate.